**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LOUIS D. BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:06-cv-1344-DFH-TAB |
| ) | |
| JERRY BIPPUS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). The City defendants seek summary judgment as to the claims against them, those being that on September 11, 2006, they violated plaintiff Butler's Fourth Amendment rights secured by the United States Constitution by walking around his property without announcing their presence there and by entering his home without permission. [1]

The City defendants' motion for summary judgment will be **granted.** The reason for this ruling is that they have established without contradiction from Butler that they knocked on the door of his residence to inquiry about a report of roaming dogs in the neighborhood, that Butler gave the defendants permission to enter the residence, and that Butler's consent to their entry into the residence removes any actionable claim pursuant to

---

[1] Butler's complaint makes reference to other constitutional provisions, but they are inapplicable here. The Supreme Court has mandated that "[w]hen a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver,* 510 U.S. 266, 273 (1994) (internal quotation marks omitted); see *Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) ("[C]onstitutional claims must be addressed under the most applicable provision.").

42 U.S.C. § 1983 regarding the subsequent search. While the general rule is that warrantless entry into a home to conduct a search is presumptively unreasonable under the Fourth Amendment, "a well settled exception to this general rule permits authorities to conduct a search without a warrant if they obtain voluntary consent . . . from the individual whose property is to be searched . . . ." *United States v. Saadeh,* 61 F.3d 510, 517 (7th Cir. 1995) (citing cases). In this case, the City defendants obtained consent to enter the residence, and this consent defeats any claim against them under the Fourth Amendment. *United States v. Hayward,* 471 F.2d 388, 389-90 (7th Cir. 1972).

The City defendants have met their burden on summary judgment by showing that there was no violation of the Fourth Amendment through their entry onto Butler's property or their subsequent entry into the residence. This is fatal to Butler's claim against them, see *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983), and this conclusion makes it unnecessary to address the City defendants' discussion of the second prong of their qualified immunity argument. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). *Saucier,* 533 U.S. at 201 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

The foregoing now resolves all remaining claims. Judgment consistent with this Entry and with the ruling of May 2, 2007, regarding other claims, shall now issue.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: 11/8/2007